In the Matter of G. E. WHITING, Respondent, *v.* STANLEY M. SHEPARD, Appellant.

Third Department, July 8, 1970.

*Walter V. Schulte* for appellant.

*Andrew F. Siedlecki, District Attorney (Charles P. Ayers, Jr.,* of counsel), for respondent.

*Winston S. Ives, County Attorney,* for County of Tioga.

STALEY, Jr., J. This is an appeal from an order of the Family Court, Tioga County, entered January 13, 1970, determining that the attempted transfer to the Family Court of a proceeding charging the crime of murder was a nullity, and jurisdiction remained with the Court of Special Sessions of the Town of Owego.

A criminal complaint was filed with the Court of Special Sessions, Town of Owego, Tioga County on November 27, 1969 charging appellant with having committed the crime of murder on November 26, 1969 in violation of subdivision 2 of section 125.25 of the Penal Law. The victim of the alleged murder was the appellant's four-month-old daughter.

The Court of Special Sessions, by an undated order, transferred the complaint to the Family Court, County of Tioga, on the ground that the complaint alleged what appeared to be a family offense. A hearing was held by the Family Court on December 15, 1969 at which time the question of jurisdiction of

the Family Court was argued. On January 9, 1970 the Family Court rendered a decision which held: "Since this Court is without jurisdiction to entertain the proceeding transferred to it by the Criminal Court as a Family Offense, such attempted transfer is a nullity, and jurisdiction remains with the Court of Special Sessions of the Town of Owego." On February 6, 1970 the Grand Jury of Tioga County returned an indictment charging appellant with the crime of manslaughter in the second degree.

Appellant contends that the Family Court has jurisdiction and must hold a hearing to determine whether it should retain jurisdiction, or transfer the case to the appropriate criminal court. He further contends that the designation of the crime by the District Attorney is not sufficient to prevent the Family Court from acquiring jurisdiction, and the court must look beyond the label of murder, and ascertain whether or not it is vested with original jurisdiction.

Jurisdiction over family offenses was granted to the Family Court by article 8 of the Family Court Act. The purpose of the enactment is to afford practical help to wives and other members of the family who, by reason of certain conduct of other members of the family or household, were previously compelled to invoke the jurisdiction of a criminal court on a criminal charge, although their purpose was not to secure a criminal conviction and punishment. The basic purpose of the act was to create a civil proceeding for dealing with such cases, and thereby afford protection and support and effect conciliation procedures. (Family Ct. Act, § 811.) To accomplish this purpose, section 812 of the Family Court Act grants exclusive original jurisdiction to the Family Court "over any proceeding concerning acts which woud constitute disorderly conduct, harassment, menacing, reckless endangerment, an assault or an attempt [sic] assault between spouses or between parents and child or between members of the same family or household." The jurisdiction of the Family Court is thus limited to the offenses enumerated in section 812. Any enlargement of this jurisdiction must be by legislative enactment. The fact that a basic element of the crimes of manslaughter and murder is an assault does not bring these offenses within the purview of the Family Court Act, even though such offenses may be committed by one member of a family against another member of the family. The victims of the crimes of manslaughter and murder are obviously in no position to invoke the jurisdiction of the Family Court for practical help in the nature of protection or counciliation. Since the

purpose of the act was to give help to a member of a family suffering from the conduct of another member of a family, and no help can be given to the victim of manslaughter or murder, the Legislature certainly did not intend that these crimes should come within the jurisdiction of the Family Court. Logic and reason alone dictate that these offenses are without the jurisdiction of the Family Court and, in our view, the Legislature, in the first instance by not enumerating these offenses in section 812, determined that the processes of the Family Court under article 8 of the Family Court Act are inappropriate to deal with such offenses.

The Legislature has thus differentiated between serious and minor offenses on reasonable and logical grounds, and we can only conclude that the Family Court has no jurisdiction over offenses of manslaughter or murder since, by the very nature of these offenses, no future benefit or protection may be afforded to the victim. (Cf. *People* v. *Brennan,* 33 A D 2d 139.)

The order should be affirmed, without costs.

HERLIHY, P. J., GREENBLOTT, COOKE and SWEENEY, JJ., concur.

Order affirmed, without costs.