THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM F. BRONSON, Appellant.

Fourth Department, October 26, 1972.

*William F. Bronson,* appellant in person, and *Warren E. George, Jr. (Thomas V. Harris* of counsel), for appellant.

*Richard D. Enders, District Attorney (Rocco Louis Versace* of counsel), for respondent.

DEL VECCHIO, J. P.   On July 29, 1969 defendant threatened to kill his alleged wife, said that he was going to kill her that night, and with intent to kill he attempted to run over her body with his truck.   He was arrested and arraigned on a charge of attempted murder.   After a preliminary hearing he was held for action by a Grand Jury.   Thereafter a one-count indictment was returned accusing defendant of attempted murder in violation of section 110.00 and subdivision 1 of section 125.25 of the Penal Law in that on July 29, 1969 with intent to cause the death of Roxanne Bronson he attempted to cause her death.   The court charged the lesser included degrees of assault.   When defense counsel took exception to this portion of the charge the court said, "Do you want me to charge on only guilty or not guilty on attempted murder?" and counsel replied. "No, sir."   The jury found defendant guilty of assault in the first degree, even though the evidence was sufficient to sustain a conviction for attempted murder.

On this appeal defendant contends that County Court lacked jurisdiction to try him because section 812 of the Family Court Act gives Family Court exclusive original jurisdiction over any proceeding concerning acts which would constitute an assault between spouses. He argues that, since the matter was never transferred to Family Court as required by section 813 and there was never an initial determination by Family Court that the matter could not there be resolved, the Grand Jury was powerless to indict, citing *People v. Johnson* (20 N Y 2d 220). That case is readily distinguishable in that there the defendant was arrested and charged with assaulting his wife, a charge over which Family Court had original jurisdiction. In the instant case defendant was never charged with committing an assault and was not being prosecuted for assault, which must begin in Family Court; he was arrested, charged, and indicted for attempted murder, a charge over which Family Court does not have jurisdiction (see *People v. Nuernberger,* 25 N Y 2d 179). The fact that a basic element of the crimes of murder, attempted murder, and manslaughter is an assault does not bring these offenses within the purview of the Family Court Act, even though such offenses may be committed between spouses (*Matter of Whiting v. Shepard,* 35 A D 2d 11).

Furthermore, this is not, as urged by defendant, a case in which the District Attorney intentionally circumvented the Family Court Act by indicting him for attempted murder where the facts dictated charging a mere assault (cf. *People v. Fowlkes,* 24 N Y 2d 274). That the indictment accusing defendant of attempted murder was legitimate and not to circumvent the purposes of the Family Court Act is demonstrated by the facts alleged in the original deposition and the testimony given at the preliminary hearing.

Likewise, since the court was required to charge the lesser included degrees of the crime (*People v. Asan,* 22 N Y 2d 526), the jury's verdict of assault is no indication that the original charge was not legitimate. As the court said in *People v. Mussenden* (308 N. Y. 558, 563): " As is manifest, merciful or weak jurors may disregard even overwhelming proof of culpability and acquit entirely or convict of a lower crime than the evidence reflects."

In light of the above we do not reach the question of the validity of the ceremonial marriage.

The judgment should be affirmed.

MARSH, WITMER, MOULE and CARDAMONE, JJ., concur.

Judgment unanimously affirmed.