Moses M. Weinstein, J.
This is a motion by the defendant for an order dismissing the indictment on the ground that the Supreme Court lacks jurisdiction.
Defendant was arrested on April 3, 1974, criminal complaints were filed and defendant was arraigned in the Criminal Court. Then, on April 9, 1974, the case was transferred to the Family Court. A hearing was held in the Family Court on April 17, 1974, wherein an order of protection was issued and the case was retransferred to the Criminal Court. On June 17, 1974, an indictment was presented charging defendant with the crimes of attempted murder; reckless endangerment in the first degree; possession of weapons and dangerous instruments and appliances as a felony; and possession of weapons and dangerous instruments and appliances as a misdemeanor¡
*930 Defendant and his wife have been married for 32 years and have two adult children, both married. The facts leading to the instant indictment are sqch that the police responded to a radio call and went to the home of defendant and his wife at about 4:40 a.m. on April 3, 1974. Defendant answered the door and the officers were able to see that defendant’s wife was in an emotional state. The officers, assuming this to be a family squabble, started to prepare a complaint report for referral to the Family Court. However, Mrs. Coady started to cry and told the policemen that her husband had shot at her. Upon investigation, the officers found two guns in the house...
Petitioner argues that the Supreme Court lacks jurisdiction and the indictment should be dismissed since the matter is one between husband and wife and should have been decided by the Family Court. Also, the Family Court did not proceed diligently and lastly, that the Family Court in issuing an order of protection made an adjudication so that it actually decided the matter.
Section 812 of the Family Court Act, in pertinent part, provides that: ‘ ‘ The family court has exclusive original jurisdiction * * * over any proceeding concerning acts which would constitute disorderly conduct, harassment, menacing, reckless endangerment, [and] assault * * * between spouses ”. The above section must be read in conjunction with section 114 of the Family Court Act which defines “ exclusive original jurisdiction ” as in no way limiting or impairing the jurisdiction of the Supreme Court as set forth in section 7 of article "VT of the New York State Constitution. That section indicates that the Supreme Court shall have jurisdiction over new classes of actions and proceedings even though the Legislature may provide that another court may also have jurisdiction. As to a family offense proceeding, the jurisdiction of both courts is concurrent (People v. Davis, 27 A D 2d 299).
Not all acts committed by one spouse against the other constitute part of that class of actions or proceedings which the Legislature designated to be a family offense. Even though the Family Court is authorized to entertain family offense proceedings, the act or acts must come within the meaning of section 812 of the Family Court Act. The jurisdiction extends to any assault, felonious as well as petty. However, an attempted murder is not included within the meaning of “ assault ” so as to give the Family Court jurisdiction (United States ex rel. Harrington v. Mancusi, 415 F. 2d 205; People v. Johnson, 20 N Y 2d 220).
*931 Other than the attempted murder charge, defendant was also indicted for possession of a dangerous weapon which is a crime and stands independently of any other crime charged. The Legislature determined that the mere possession of such contraband per se is a crime in and of itself which is not to be sent to the Family Court as a family offense (People v. Wade, 31 A D 2d 657).
Defendant contends that the ease should have been transferred to the Family Court by the Criminal Court not more than three days from the time the complaint was made. Pursuant to section 813 of the Family Court Act, defendant maintains that he was denied due process.
There is no merit to this argument since it cannot be said that the intention of the Legislature was such that defendant’s conduct would not be punishable in the event that the case was not presented within three days. The purpose of the statute is to avoid delay in the handling of such cases. Defendant was arrested and the complaint filed on Wednesday, April 3, 1974, and the ease was transferred on Tuesday, April 9, 1974. The statute provides for the time in which the court should act in transferring a case. However, in the event that the court fails to do so, defendant is given the opportunity to move to compel the court to transfer the proceeding to the Family Court (People v. Gemmill, 34 A D 2d 177). Such a delay does not deprive defendant of due process of law.
In the case at bar, a temporary order of protection was issued after a hearing in the Family Court under an assault charge over which the Family Court maintained jurisdiction. It was not issued pursuant to the two cases that were retransferred to the Criminal Court. Even if a temporary order of protection was issued on the cases that were returned to the Criminal Court, it does not show any finality of the proceeding. The issuance of a temporary order of protection is authorized by sections 815 and 821 of the Family Court Act; section 815 located in part 1 of article 8, which part is entitled “ Jurisdiction ” and section 821 located in part 2 of article 8, which part is entitled ‘ ‘ Preliminary Proceedings ’ ’. Among other preliminary powers given to the Family Court when the Criminal Court transfers a case, is the power to issue a temporary order of protection (see Family Ct. Act, § 815). The Legislature also provided that a family offense proceeding is originated by the filing of a petition alleging facts to support the petition and praying for an order of protection (see Family Ct. Act, § 821). The order of protection issued under these circumstances is not a dispositional *932 order and there had been no adjudication on the merits of this case in the Family Court.
Based on the foregoing, the court finds that the proper forum is the Supreme Court and therefore the motion to dismiss the indictment is denied.