OPINION OF THE COURT
Charles F. Cacciabaudo, J.
The defendant, Alice D. Vaughn, is charged with violating sections 110.00 and 125.25 of the New York State Penal Law (attempted murder in the second degree) in that the defendant on June 13, 1978 at about 8:54 in the morning did shoot her husband, Clarence Vaughn, with a handgun, striking him in the stomach and shoulder causing serious injury. This incident took place at 27 Vanderbilt Avenue, Babylon, New York.
Defense counsel made a motion to transfer the within action to the Family Court pursuant to section 812 of the Family Court Act on November 27, 1978. That motion was denied by this court on December 29, 1978.
The defendant now moves to reargue the above motion and for the reasons hereinafter set forth the motion to reargue is granted; however, after due consideration the prior decision stands.
Prior to September 1, 1977 section 812 of the Family Court Act stated: "The family court has exclusive original jurisdiction, subject to the provisions of section eight hundred thirteen, over any proceeding concerning acts which would consti *992 tute disorderly conduct, harassment, menacing, reckless endangerment, an assault or an attempted assault between spouses or between parent and child or between members of the same family or household. For purposes of this article, 'disorderly conduct’ includes disorderly conduct not in a public place.”
In interpreting this section, the courts come to the conclusion that where a defendant was charged with only the crime of manslaughter, the Family Court did not have exclusive jurisdiction over the action (People v Bronson, 39 AD2d 464).
In the case of People v Jones (59 AD2d 617), the defendant was charged with attempted murder, assault in the first degree, and criminal possession of a dangerous weapon. The charge arose out of an incident in which the defendant claims he shot his father when he saw him beating his mother with a lead pipe. The court in that case ruled that the matter should have been transferred to the Family Court because some of the charges were matters exclusively for the Family Court. Therefore, according to the Appellate Division, Second Department, if several criminal charges arose out of the same transaction some of which were transferable to Family Court, all of the charges must be transferred (People v Jones, supra). In the case at hand, the only charge lodged against the defendant is attempted murder. The Family Court does not have exclusive jurisdiction over a case where the only charge is attempted murder (People v Bronson, supra).
The Appellate Division has ruled that even though the Family Court has exclusive jurisdiction of crimes of assault between spouses, the attempted murder of a wife was not within the purview of the Family Court Act (People v Bronson, supra). The fact that an element of the crimes of murder, attempted murder and manslaughter is an assault, does not bring the offense within the purview of the Family Court Act even though such offense may have been committed between the spouses (Matter of Whiting v Shepard, 35 AD2d 11; People v Coady, 79 Misc 2d 929, citing People v Johnson, 20 NY2d 220).
It is evident from the cases that even prior to the amended Family Court Act, the criminal courts would have jurisdiction of this matter.
On September 1, 1977 old section 812 of the Family Court Act was repealed and the Family Court Act was amended to read:
"1. The family court and the criminal courts shall have *993 concurrent jurisdiction, over any proceeding concerning acts which would constitute disorderly conduct, harassment, menacing, reckless endangerment, an assault or an attempted assault between spouses or, between parent and child or between members of the same family or household, except that if such an act involves a child who is below the age of eighteen, the family court shall have exclusive original jurisdiction. For purposes of this article, 'disorderly conduct’ includes disorderly conduct not in a public place. For purposes of this article, 'members of the same family or household’ shall mean the following:
"(a) persons related by consanguinity or affinity to the second degree; and
"(b) persons legally married to one another.
"2. The presiding justice of each judicial department shall designate by rules of the court the appropriate law enforcement official, who may be a probation officer, warrant officer, sheriff, police officer or any other law enforcement official, to advise any petitioner or complainant bringing a proceeding under this section, before such proceeding is commenced, of the procedures available for the institution of family offense proceedings, including but not limited to the following:
"(a) That there is concurrent jurisdiction with respect to family offenses in both family court and the criminal courts;
"(b) That a choice of forum by a complainant or petitioner bars any subsequent proceeding in an alternative court for the same offense;
"(c) The legal, social and practical consequence of an adjudication by the family court and that an adjudication in family court is for the purpose of attempting to keep the family unit intact. Referrals for counseling, or counseling services, are available through probation for this purpose;
"(d) The legal, social and practical consequences of an adjudication by the criminal courts and that an adjudication in the criminal courts is for the purpose of punitive action against the offender.
"3. No official designated pursuant to subdivision two of this section shall discourage or prevent any person who wishes to file a petition or sign a complaint under this article from having access to any court for the purposes provided for in subdivision one of this section.
"4. The state administrator shall prescribe such forms as *994 are appropriate to effectuate the purposes of subdivision two of this section.”
The alleged crime before this court was committed on June 13, 1978. The Family Court Act, as amended September 1, 1977, is the controlling statute concerning possible Family Court exclusive jurisdiction. A simple reading of this statute makes it clear concurrent jurisdiction exists. Between September 1, 1977 and July 24, 1978 there were no provisions for transfer in the law. The statute now provides: "(e) That the filing of such accusatory instrument or family court petition constitutes a final choice of forum after seventy-two hours have elapsed from such filing and bars any subsequent proceeding in an alternative court based on the same offense. However, in the event that a finding by the court on the merits of such complaint or petition occurs before seventy-two hours have elapsed, such finding shall be deemed to constitute a final choice of forum and shall bar any subsequent proceeding in an alternative court based on the same offense”.
In summary, despite the defendant’s contentions, the Family Court never had exclusive jurisdiction over the felony of attempted murder. Clearly, the Legislature’s amendments as of September 1, 1977 give the criminal courts concurrent jurisdiction (see People v McCarthy, 59 AD2d 749).
The District Court clearly has jurisdiction to the extent of holding a felony exam on this attempted murder charge. The purpose of the Family Court Act with regard to family offense proceedings is set out in section 811 of the Family Court Act. It states:
"In the past, wives and other members of the family who suffered from disorderly conduct, harassment, menacing, reckless endangerment, assaults, or attempted assaults by other members of the family or household were compelled to bring a 'criminal charge’ to invoke the jurisdiction of a court. Their purpose, with few exceptions, was not to secure a criminal conviction and punishment, but practical help.
"The family court is better equipped to render such help, and the purpose of this article is to create a civil proceeding for dealing with such cases. It authorizes the family court to enter orders of protection and support and contemplates conciliation procedures. If the family court concludes that these processes are inappropriate in a particular case, it is authorized to transfer the proceeding to an appropriate criminal court.”
*995 It must be pointed out to the attorneys involved that there is a serious legal question as to whether the court may even transfer a case once the criminal forum has been chosen between September 1, 1977 and July 24, 1978 (Family Ct Act, § 812).
Motion to reargue is granted, however, after due consideration the prior decision stands.