OPINION OF THE COURT
Denis R. Hurley, J.
In this Family Court Act article 8 proceeding, the issue is whether a respondent’s threat to physically harm the petitioner may constitute a family offense in the absence of its direct communication by the respondent to the petitioner.[1] If the threat was uttered to a third person who, in turn, repeated it to the petitioner, is the petitioner’s case defective as a matter of law?
The facts in the present case are essentially undisputed. The petitioner Adella Hayes alleges that her ex-spouse Vincent Hayes harassed her on May 6, 1985 by communicating certain threats to the petitioner’s daughter at the former marital residence. It is alleged that Mr. Hayes stated that he would "shoot the petitioner and her boyfriend and burn the petitioner’s house down”. These threats were not heard by the petitioner, who was not at home at the time, although they were repeated to her, via her daughter, some time later that day.
*318 Immediately prior to the time scheduled for the commencement of the hearing, the respondent orally moved, pursuant to CPLR 3211 (a) (7), to dismiss the petition based on its failure to allege a threat made directly to the petitioner. This, respondent claimed, represents a fatal defect in the pleading.
Petitioner opposed the motion, arguing that among the purposes of an article 8 proceeding is to afford protection to a person threatened by another family member. A death threat has been made against the petitioner in this case. Certainly— so the argument continues — it would defy logic, to say nothing of the legislative intent embodied in the article, to maintain that the target of that threat is not entitled to an order of protection simply because she learned of the respondent’s purported intention to shoot her from a source other than him.
Neither counsel had any authority at hand in support of his respective position. Accordingly, it was agreed that I would reserve decision on respondent’s oral motion to dismiss, and the scheduled hearing would be held.
At the brief hearing, the proof adduced dovetailed almost exactly with the allegations in the petition and confirmed the indirect nature of the threats.
The answer to the question framed by counsel is not apparent from a perusal of Family Court Act article 8, nor is it to be found in reported "family offense” decisions. Such being the case, I will detail my rationale for concluding that the present petition should be dismissed. That rationale is as follows:
1) Family offenses are limited to the enumerated acts listed in Family Court Act § 812. Section 812 provides, in effect, that violations of the following sections of the Penal Law, if committed between family members, constitute family offenses: disorderly conduct (Penal Law § 240.20), harassment (Penal Law § 240.25 et seq.), menacing (Penal Law § 120.15), reckless endangerment (Penal Law §§ 120.20, 120.25), assault in the second degree (Penal Law § 120.05), assault in the third degree (Penal Law § 120.00), and attempted assault.
If an act alleged in an article 8 proceeding would not constitute a violation of one or more of the Penal Law sections referred to above, it may not, as a matter of law, constitute a family offense.[2] (See, e.g., People v Webb, 52 AD2d 8 [3d Dept *319 1976]; Matter of Whiting v Shepard, 35 AD2d 11 [3d Dept 1970]; Di Donna v Di Donna, 72 Misc 2d 231 [Fam Ct, Ulster County 1972]; Matter of Seymour v Seymour, 56 Misc 2d 546 [Fam Ct, Tioga County 1968]; People v Coady, 79 Misc 2d 929, 930 [Sup Ct, Queens County 1974] ["Not all acts committed by one spouse against the other constitute part of that class of actions or proceedings which the Legislature designated to be a family offense. Even though the Family Court is authorized to entertain family offense proceedings, the act or acts must come within the meaning of section 812 of the Family Court Act”].)
2) The respondent’s conduct herein would constitute harassment, prescinding for the moment from the manner in which the threat was communicated to the petitioner. A juxtapositioning of the Penal Law offenses incorporated in Family Court Act § 812 with the facts in the present case, indicates that the respondent’s conduct is actionable, if at all, as harassment (Penal Law § 240.25). That section of the Penal Law provides in pertinent part as follows:
"A person is guilty of harassment when, with intent to harass, annoy or alarm another person:
"1. He strikes, shoves, kicks or otherwise subjects him to physical contact, or * * * threatens to do the same” (emphasis supplied).
Would the absence of a complaining witness from the scene of the event be fatal to a criminal prosecution for harassment under Penal Law § 240.25 (1)? If so, the petitioner’s claim in the present family offense proceeding must similarly fall.
3) Under certain limited circumstances, a person may be legitimately convicted of harassment even if the complaining witness was not present when the threats were uttered. Granted, harassment under Penal Law § 240.25 almost always occurs in a face-to-face context. However, there is nothing in the language of the statute or related case law which indicates that threats, within the meaning of subdivision (1) of section 240.25, may not be made through an intermediary. Indeed, I reject as an overstatement the notion that the present petition must be dismissed simply because the petitioner was not present to hear her life threatened. However, that argument, pruned of its excess, is sound.
Had it been shown, arguendo, that respondent expressly *320 authorized the petitioner’s daughter to relay his tidings to petitioner (e.g., "tell your mother this for me”), or impliedly authorized her, or otherwise appreciated that she would carry the message (e.g., with knowledge that the daughter in the past invariably repeated such threats of his to the petitioner, he nonetheless made the threat) respondent’s motion would lack merit. But, as shall be discussed momentarily, there is no such proof in the record.
4) No proof was presented to indicate that respondent authorized or understood that petitioner’s daughter would relay his threat to petitioner. Threats only constitute harassment if made "with intent to harass, annoy or alarm another person”. (Penal Law § 240.25; emphasis supplied.)[3] Obviously, such "intent” may not be found unless it is apparent that the person making the threats understood that his words would reach their intended target. That inference may not be legitimately drawn in this case. The mere fact that the words were spoken to petitioner’s daughter does not suffice, for some children would not relay such information for any number of reasons. The proclivity of petitioner’s daughter in this regard, if any, was never addressed.
Clearly, the present proof would be insufficient to establish harassment if petitioner had elected to proceed in a criminal forum, rather than the Family Court. (See, Family Ct Act § 812 which afforded her that right.) As a result, her family offense petition must be dismissed. Since proof was taken in this case for the reason previously stated, the dismissal is based on the hearing evidence rather than the legal insufficiency of the pleading.
Petition dismissed.

. A second issue was also raised, viz., whether the parties’ divorce precludes this court from entertaining the present petition. The answer is "no” for Family Court Act § 812 (1) (c) expressly includes "persons formerly married to one another” as proper parties in a family offense proceeding.

. Disorderly conduct is the one exception to the above rule; Family *319 Court Act §812 (1) provides that for "purposes of this article, 'disorderly conduct’ includes disorderly conduct not in a public place.”

. A finding of "intent to harass, annoy or alarm another person” may not be simply inferred from the fact that the offending words were spoken. (See, People v Caine, 70 Misc 2d 178 [Dist Ct, Suffolk County 1972].)