Matter of Harris v Harris (2004 NY Slip Op 51262(U))

[*1]

Matter of Harris v Harris

2004 NY Slip Op 51262(U)

Decided on July 7, 2004

Family Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 7, 2004

Family Court, Nassau County
In the Matter of S. Harris, Petitioner,
against
A. Harris, Respondent.
54321

Carnell T. Foskey, J.
Procedural Background
The petitioner, S. Harris (hereinafter, the "petitioner") appeared before the Hon. John B. Pessala of this Court on February 6, 2004 seeking an Order of Protection against the respondent, A. Harris (hereinafter, the "respondent"). Petitioner's family offense petition alleged that on February 4, 2004, at approximately 10:15PM, the respondent telephoned the petitioner and threatened to break the windows of the marital residence to gain entry into the same. After considering the petitioner's application, Judge Pessala issued a temporary order of protection, which directed that the respondent stay away from the petitioner, her home, refrain from communication with the petitioner, and refrain from any acts or threats that constitute a family offense or a violation of the penal law. Thereafter, on June 28, 2004, the matter came on for a Hearing before the Hon. Carnell T. Foskey of this Court.
After a careful review of the testimony and an examination of the evidence set forth to the Court, and in conformity with the ruling from the bench on June 28, 2004, this Court has determined that the petitioner's application does not rise to the level necessary to constitute a Family Offense, as defined in §821(1) of the Family Court Act and that an Order of Protection would not be appropriate in this matter. 
Findings of Fact
The parties were married on May 22, 1994 and they resided in Lawrence, New York. Each party currently holds an equal share of this house. At some time in 2002, the respondent voluntarily vacated the marital residence and moved to a house located in upstate New York. Both parties do not dispute that they had not spoken on the telephone in a year prior to the February 4, 2004 telephone conversation.
During the Hearing held before this Court on June 28, 2004, the petitioner testified that on February 4, 2004, the respondent telephoned her to inquire about her reasons for withdrawing a motion for divorce that she had previously filed. The petitioner claimed that the respondent was speaking throughout the conversation in a "threatening and condescending" tone and that she was silent throughout most of the telephone call.
The respondent testified during the hearing that he was angry with the petitioner at the time of the telephone call on February 4, 2004 for making him incur legal fees. However, it is disputed by both parties whether the respondent "threatened to break the windows to gain entry to the marital residence." The respondent testified that he told the petitioner that he could come back to the marital residence "any time he wanted" and that he had "a right to move back in to the home". The petitioner did not notify the police department to report the alleged "harassment" for fear of possible retaliation from the respondent. There were no other threats besides the alleged breaking of the windows during this conversation. This incident precipitated the filing of petitioner's family offense petition.
Conclusions of Law
Pursuant to Penal Law §240.26, a person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person: (1) he or she strikes, shoves, kicks, or otherwise subjects such other person to physical contact, or attempts or threatens to do the same; or (2) he or she follows a person in or about a public place or places; or (3) he or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose.
Here, the petitioner alleges that respondent stated that he will come to the house "any time that he wants to" and has threatened to break the windows to gain entry into the marital residence. These allegations, if proven alone, are insufficient under Penal Law §240.26 to constitute harassment against the petitioner.
Mere words alone are usually not enough to constitute the family offense of harassment. [*2]Hayes v. Hayes, 131 Misc 2d 317, 500 N.Y.S.2d 475, (1986). Further, unless speech presents a clear and present danger of some serious substantive evil, it may neither be forbidden nor penalized. The People of the State of New York v. Dietze, 75 NY2d 47, (1989).
Here, the petitioner was unable to show that the February 4, 2004 telephone conversation created any clear and present danger of substantive evil. Even if the petitioner met her burden of showing that the respondent did, in fact threaten to break the windows to gain entry to the marital residence, these statements alone would not rise to the level of unprotected speech under The People of the State of New York v. Dietze, 75 NY2d 47, (1989).

As the trier of fact, the Court's determination regarding the credibility of the witness is entitled to great weight. Croce v. Tsombanis, 209 AD2d 516 (2nd Dept. 1994). This Court has reservations with respect to the veracity of the petitioner's statements during the Hearing.
Therefore, in applying the principles set forth above to the instant matter, in accordance with the decision rendered from the bench after a hearing on June 28, 2004, and after having thoroughly considered and reviewed all relevant factors set forth in The People of the State of New York v. Dietze, 75 NY2d 47, (1989), this court finds that the petitioner has failed to meet her burden of proof, by a preponderance of the credible evidence.
The respondent's application for counsel fees is denied. Therefore, it is hereby;
ORDERED, that the petitioner's family offense petition dated February 6, 2004 is dismissed, and the Temporary Order of Protection is vacated.
 THIS CONSTITUTES THE DECISION AND ORDER OF THIS COURT.
 ENTER:
 
 HON. CARNELL T. FOSKEY J.F.C.
Dated: July 7, 2004