Chief Judge Fuld.
Arrested on an information charging him with assaulting his wife with a knife, the defendant was indicted two months later for assault in the second degree. He moved to dismiss the indictment and to transfer the case to the Family Court. His motion was denied and he pleaded guilty to the misdemeanor of assault in the third degree; he received a suspended sentence. His conviction was affirmed by the Appellate Division and, upon this appeal, the sole question presented is whether a County Court may try an indictment accusing a husband of feloniously assaulting his wife without having first transferred the proceeding to the Family Court for an initial determination whether the assault should be there disposed of as a “ family offense ” or transferred to the County Court for prosecution as a crime.
The new state-wide Family Court was created in 1962 to replace the Domestic Relations Court of the City of New York and the Children’s Courts in the other 57 counties of the State. This was accomplished as part of the general reorganization of our courts and the establishment of a unified court system through amendment of the New York State Constitution (art. VI), effective September 1, 1962. With respect to the Family Court, section 13 (subd. b) of article VI recites that
“ The family court shall have jurisdiction over the following classes of actions and proceedings which shall be originated in such family court * * * (7) as may be provided by law: * * * crimes and offenses *223 by or against minors or between spouses or between parent and child or between members of the same family or household.” (Italics supplied.)
Implementing this constitutional provision, section 811 of article 8 of the Family Court Act — entitled “ Family Offenses Proceedings’’ — declares that the purpose of the article is to “create a civil proceeding for dealing with” family offenses, since the persons involved are usually seeking 11 not * * * a criminal conviction and punishment but practical help ’ ’ and the Family Court is “better equipped to render such help”. Accordingly, section 812 gives the Family Court
“ exclusive original jurisdiction over any proceeding concerning acts which would constitute disorderly conduct or an assault between spouses ”.[1] (Italics supplied.)
We find no merit in the People’s contention that the coupling of “ assault between spouses ” with “ disorderly conduct ” confines the jurisdiction of the Family Court to “ simple ” assaults. The Constitution, it is to be borne in mind, gives the Legislature the power to vest in the Family Court, without qualification, jurisdiction over all “ crimes and offenses ” between spouses (N. Y. Const., art. VI, § 13, subd. b). We conclude that, by use of the statutory language, 11 disorderly conduct or an assault ’ ’, the Legislature simply intended to limit the specific ‘ ‘ crime's and offenses ” to be heard by the Family Court to certain types of violence. The statutory phrase, “ an assault between spouses ”, (§ 812) as broad enough to include any assault, felonious as well as petty.
The Family Court is not, of course, to retain jurisdiction in every case of an intrafamilial assault. As the statute makes clear, “If the family court concludes that these processes are inappropriate in a particular case, it is authorized to transfer the proceedings to an appropriate criminal court ” (§ 811; also § 816). There is little danger that truly criminal conduct will be treated as a “ family offense ” rather than a crime and go unpunished. An order of the Family Court which denies trans *224 fer of the family offense proceeding to a criminal court is subject to review (Family Ct. Act, § 1012; see People v. Davis, 27 A D 2d 299, 305) and will undoubtedly be reversed if the retention of the case constitutes an abuse of discretion.
It is evident that careful thought was given by the Legislature to the question of the Family Court’s jurisdiction over family assaults before the decision was made to include all such assaults and not simply those which were trivial. Although the Judicial Conference had recommended, several years before the creation of the Family Court, that the proposed “ Family Court should have jurisdiction over * * * Crimes and offenses, except felonies, by or against children or between spouses ” (Fourth Annual Report of N. Y. Judicial Conference, 1959, pp. 89-90; italics supplied), neither the Judiciary Article of the Constitution nor the Family Court Act so limited the court’s jurisdiction; the exclusionary words, “ except felonies ”, were significantly omitted. And, as a matter of fact, the Judicial Conference unequivocally declared in 1963 that “ The jurisdiction of the Family Court is not limited to any particular degree of assault.” (Eighth Annual Report of N. Y. Judicial Conference, 1963, p. 72; see, also, Goldberg and Lauer, The Family Court Act, McKinney’s Cons. Laws of N. Y., Book 29A, Judiciary Law, Pt. I, p. xxxii.)
Furthermore, a bill was introduced in 1964 (S. Int. 2346, Pr. 2446) which, in terms, limited the exclusive original jurisdiction of the Family Court to acts constituting an assault in the third degree and thus excluded felonious assaults from its jurisdiction — as they had also been excluded from the jurisdiction of the former Children’s Court of the State of New York (Children’s Ct. Act, § 6, subd. 4) and the former Domestic Relations Court of the City of New York (N. Y. City Dom. Rel. Ct. Act, § 61, .subd. 2). The bill which passed both houses of the Legislature — though vetoed by the Governor (see People v. Davis, 27 A D 2d 299, 304, supra)[2] — thus reflects clear legislative recognition that, as the law now stands, the Family Court has jurisdiction over felonious assaults.
The district attorney, taking a contrary stand, argues that our interpretation of the Constitution and the statute undermines *225 the constitutional powers given to the grand jury to “ inquire ” into crimes and “ originate charges against those ” believed to have committed them. (N. Y. Const., art. I, § 6; Code Crim. Pro., §§ 223, 245, 252, 253; see, also, People v. Stern, 3 N Y 2d 658, 661; People v. Ryback, 3 N Y 2d 467; People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 391-392.) However, since an act does not become a ‘ ‘ crime ’ ’ until the Legislature defines it as such (Penal Law, § 22; see People v. Scopas, 11 N Y 2d 120, 123; People v. Horton, 308 N. Y. 1, 9; cf. People v. Stern, 3 N Y 2d 658, 661, supra), the Legislature may properly provide, as it did in the present instance, that a “ family offense ” was' not to be prosecuted as a “ crime ” until the Family Court judge so determined. (See, e.g., People v. De Jesus, 21 A D 2d 236, 241.) Legislative exclusion from penal sanctions of acts which would otherwise be regarded as criminal is not without precedent. For instance, section 2186 of the Penal Law recites that ‘ ‘ A child of more than seven and less than sixteen years of age, who shall commit an act or omission which, if committed by an adult, would be a crime, shall not be deemed guilty of any crime, but of juvenile delinquency only”. No one disputes that the grand jury is powerless to indict a child between the ages of 7 and 16. (See, e.g., People v. Stevenson, 17 N Y 2d 682.) The Family Court Act has a similar impact on the scope of the powers which may be exercised by the grand jury.
Section 6 of article I of the Constitution recites that “No person shall be held to answer for a capital or other infamous crime * * * unless on indictment of a grand jury ”. Quite obviously, this provision was designed not to enhance the prerogatives of the grand jury but, rather, to protect individuals from unfounded accusations of crime. The Family Court Act simply provides more protection to the individual by removing domestic quarrels from the ambit of the criminal law. Accordingly, it may not be said that this salutary policy violates section 6 of article I. As the Appellate Division observed in People v. De Jesus (21 A D 2d, at p. 241), “ any other constitutional or legislative provision that affords additional safeguards and protection to an accused is clearly not in conflict [with article I, section 6]. Therefore, when the Family Court Act says, in effect, that a family offense shall not be treated as a crime until a Family Court Judge has so determined, it cannot *226 be said Lliat this in any way harms anyone who is within the protective scope of section 6 of article I of the New York State Constitution.”
By the same token, the interpretation accorded the Family Court Act does not impair the constitutional powers granted the county courts ‘ ‘ over all crimes and other violations of law ’ ’ (art. VI, § 11) or the constitutional provision that the “ county court may transfer any action or proceeding, except a criminal action or proceeding involving a felony prosecuted by indictment * * * to any court” (art. VI, § 19). Since, as indicated, a family offense does not become an indictable crime until the Family Court judge so decides, it does not, initially, come within the jurisdiction of the County Court, except for the limited purposes outlined in section 813.[3] That being so, the County Court must, where such exceptions do not obtain, transfer a family assault case to the Family Court in accordance with the constitutional mandate that “ The county court shall transfer to the * * * family court any action or proceeding * * * over which the county court has no jurisdiction ” (N. Y. Const., art. VI, § 19, subd. b).
In short, then, the Family Court has jurisdiction to deal, in the first instance, with family offenses, including any complaint of assault, felonious or simple, “between spouses or between parent and child or between members of the same family ’ ’ (N. Y. Const., art. VI, § 13, subd. b). Plainly expressing its design that the Family Court have priority of examination into family offenses, the Legislature has provided a procedure both for enforcement of that priority and for surrender of the court’s jurisdiction where appropriate. That procedure was mandatory here. Upon the defendant’s motion, the County Court should have transferred the matter to the Family Court to enable that tribunal to determine, initially, whether it should itself deal with the spouses before it or return the case to the criminal court.
The judgment of conviction should be reversed, the indictment dismissed and the matter transferred to the Family Court of Nassau County for proceedings in accordance with this opinion.
*227 Judges Van Voorhis, Burke, Scileppi, Bergan, Keating and Breitel concur.
Judgment reversed, indictment dismissed and case remanded to Nassau County Court with directions to transfer the matter to the Family Court of Nassau County for proceedings in accordance with the opinion herein.

. And, in subdivision (a) of section 813, it is further provided that any criminal complaint charging such disorderly conduct or assault between spouses “shall be transferred by the criminal court * * * to the family court”,

. The measure had been strongly disapproved by a number of social welfare agencies. (See N. Y. State Legis. Annual, 1964, p. 552.)

. In addition to providing for the transfer of the case to the Family Court, section 813 authorizes the criminal court to dismiss a complaint for legal insufficiency or allow the complainant to withdraw it.