THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS D. BALK on Behalf of STEFAN KRCELIC, Petitioner, *v.* WARDEN, QUEENS HOUSE OF DETENTION FOR MEN, Respondent.

Second Department, December 12, 1974.

*William J. Gallagher* (*Louis David Balk* of counsel), for petitioner.

*Nicholas Ferraro, District Attorney* (*Michael Shapiro* of counsel), for respondent.

*Per Curiam.* In this habeas corpus proceeding, we sustain the writ to the extent of directing transfer of the case to the Family Court, Queens County, and dismissing the indictment.

Stefan Krcelic, on whose behalf the petition in this habeas corpus proceeding was made, stands indicted for the crimes of attempted murder, assault in the first degree and possession of

weapons and dangerous instruments and appliances as a misdemeanor, all arising out of the alleged stabbing of his wife on the afternoon of July 17, 1974. The ground upon which this proceeding is based is that Krcelic's continued detention is illegal, by reason of the fact that the charges embodied in the felony counts of the indictment should initially have been instituted in the Family Court for disposition pursuant to article 8 of the Family Court Act, dealing with certain intrafamily offenses. We agree.

We deem the holding of the Fourth Department in *People v. Bronson* (39 A D 2d 464) to be distinguishable in that Krcelic stands accused of both attempted murder and assault in the first degree, rather than attempted murder alone, as was the case in *Bronson*. Since these two charges arose out of the same operative facts, the principal distinction being the intent with which the acts were committed (cf. Penal Law, §§ 110.00 and 125.25 [as in effect at the time in question] with § 120.10, subd. 1), and, since the assault charge, standing alone, would clearly be referable to the Family Court for initial disposition (*People v. Johnson,* 20 N Y 2d 220; Family Ct. Act, §§ 812, 831), we believe that under the facts here present proper procedure requires transfer of the case to the Family Court. Should the Family Court elect to retain jurisdiction, and the District Attorney be dissatisfied with such a determination, there can be an appeal to this court pursuant to section 1112 of the Family Court Act.

GULOTTA, P. J., HOPKINS, MARTUSCELLO, LATHAM and SHAPIRO, JJ., concur.

Writ of habeas corpus sustained, without costs, to the extent that the case against Stefan Krcelic is transferred to the Family Court, Queens County, and the indictment against him is dismissed.