■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARREL JONES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered August 7, 1975, convicting him of assault in the second degree, upon a plea of guilty, and imposing sentence. Judgment reversed, on the law, and case remanded to the Criminal Term with a direction that the matter covered by Indictment No. 3071-74 be transferred to the Family Court, Queens County, and for further proceedings with respect to Indictment No. 3092-74. The facts upon which the judgment is based have not been presented for review. Defendant-appellant was arrested and charged, by felony complaint, with attempted murder, assault in the first degree and criminal possession of a dangerous weapon. The charges arose out of an incident in which defendant claims he shot his father when he saw his father beating his mother with a lead pipe. At his arraignment on the felony complaint, defendant moved to transfer the case to the Family Court; the motion was denied. The case was held for the Grand Jury, which indicted defendant for attempted murder in the second degree and criminal possession of a weapon in the second degree (Indictment No. 3071-74). Defendant subsequently pleaded guilty to assault in the second degree in satisfaction of both counts of that indictment and in satisfaction of another indictment which charged him with criminal possession of a forged instrument in the second degree (Indictment No. 3092-74). The entire matter covered by Indictment No. 3071-74 should have been transferred to the Family Court, upon defendant's arraignment on the felony complaint, pursuant to subdivision (a) of former section 813 of the Family Court Act. (Section 813 was repealed by L 1977, ch 449, § 2 [eff Sept. 1, 1977].) The Family Court, at that time, had exclusive original jurisdiction over proceedings concerning acts which would constitute an assault between a parent and child (Family Ct Act, § 812). At that time subdivision (a) of section 813 of the Family Court Act mandated that "Any criminal *complaint* charging * * * an assault * * * between parent and child * * * shall be transferred

by the criminal court, not more than three days from the time the *complaint* was made, to the family court in the county in which the criminal court is located" (emphasis supplied). This jurisdiction extended to charges inextricably related to the assault, or which depended upon the intent to assault as a component part of the crime, such as felonious possession of a weapon *(People v Williams,* 24 NY2d 274, 285-287). Since the attempted murder and assault charges in the felony complaint arose out of the same transaction, and are distinguished solely by the intent with which the acts were committed, and "since the assault charge, standing alone, would clearly be referable to the Family Court for initial disposition * * * we believe that * * * proper procedure requires transfer of the case to the Family Court" (see *People ex rel. Balk v Warden, Queens House of Detention for Men,* 46 AD2d 224, 225). The Grand Jury and Supreme Court did not have concurrent jurisdiction to investigate, indict and prosecute defendant for his actions, since the actions were not criminal until the Family Court had an opportunity to look into the matter and determine that it was not an appropriate forum (see *People v Johnson,* 20 NY2d 220, 225-226). In the final disposition of this case, the Family Court should consider that defendant has served in full the sentence imposed upon him by the instant judgment. It should likewise be noted that only by recent amendment to section 812 of the Family Court Act (L 1977, ch 449, § 1, eff Sept. 1, 1977), have the criminal courts been given concurrent jurisdiction with the Family Court over assaults "between members of the same family". Hopkins, J. P., Latham, Margett and Rabin, JJ., concur.