■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES ALOUSIUS McCARTHY, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered November 15, 1976, convicting

him of criminal trespass in the first degree, unlawful imprisonment in the first degree, menacing, assault in the third degree, aggravated harassment and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of criminal trespass in the first degree, unlawful imprisonment in the first degree, menacing and assault in the third degree and the sentences imposed thereon and, as a matter of discretion in the interest of justice, the said counts are dismissed. As so modified, judgment affirmed. The defendant was indicted for crimes arising out of three incidents, one of which occurred on December 30, 1975. The defendant was divorced from the complainant on January 6, 1976. Thus, at the time of the incident, the defendant and the complainant were still married. Prior to its recent amendment, section 812 of the Family Court Act provided that the Family Court had "exclusive original jurisdiction * * * over any proceeding concerning acts which would constitute disorderly conduct, harassment, menacing, reckless endangerment, an assault or an attempt assault between spouses". Although defendant was indicted for criminal trespass and unlawful imprisonment, those crimes were inextricably related by a common element to the assault charges, and thus are within the jurisdiction of the Family Court. In *People v Johnson* (20 NY2d 220), the Court of Appeals held that the statute created a mandatory direction and that an offense between spouses is not a crime until a Family Court Judge has so decided. Therefore the County Court lacked jurisdiction when it tried the defendant for the charges which we have dismissed. It of course had jurisdiction to try those charges which arose from incidents occurring subsequent to the divorce and those counts are affirmed. Effective September 1, 1977, section 812 of the Family Court Act was amended to confer concurrent jurisdiction (with certain exceptions) upon the Criminal and Family Courts over assaults between "'members of the same family or household'", and to give the complainant a choice of forum (L 1977, ch 449, § 1). This amendment affects only crimes committed after its effective date (see *People v Jones,* 59 AD2d 617) and thus is not applicable to the instant appeal. In the light of the time already spent in prison by the defendant pursuant to the reversed counts, the interest of justice would be best served by a dismissal of those counts rather than a remand which would subject him to a retrial on those charges. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.