OPINION OF THE COURT
Joseph Harris, J.
The defendant moves to dismiss the indictment herein upon the alleged ground that pursuant to section 812 of the Family Court Act (L 1969, ch 736, as amd by L 1977, ch 449) Family *179 Court has exclusive jurisdiction of the offense charged in the indictment.
The indictment herein was returned by a Supreme Court Grand Jury in and for the County of Albany on March 9, 1978, and charged the defendant with the crime of assault in the second degree, in violation of subdivision 2 of section 120.05 of the Penal Law, a class D felony. The indictment alleged that the defendant intentionally caused physical injury to her nine-year-old daughter by means of a dangerous instrument, namely, by repeatedly whipping the child with a belt fitted with metal studs.
Subdivision 1 of section 812 of the Family Court Act (L 1969, ch 736, as amd by L 1977, ch 449) recites as follows: "The family court and the criminal courts shall have concurrent jurisdiction over any proceeding concerning acts which would constitute disorderly conduct, harassment, menacing, reckless endangerment, an assault or an attempted assault between spouses or between parent and child or between members of the same family or household, except that if such act involves a child who is below the age of eighteen, the family court shall have exclusive original jurisdiction.”
The foregoing is construed by the defendant to mean that in matters of an assault upon a child by members of the child’s family, however grievous, the appropriate Family Court has exclusive jurisdiction and the criminal courts no jurisdiction whatsoever. This argument is clearly in error. The jurisdictional phrase used in the new section 812 of the Family Court Act with respect to intra-family child abuse indicates only that Family Court in such cases has "exclusive original jurisdiction”, not "exclusive” jurisdiction that bars forever from the criminal courts subsequent jurisdiction over the incident.
There is no inconsistency between the general language of section 812 of the Family Court Act and the special language concerning intra-family child abuse. As to all family offenses enumerated in the section, including child abuse, there is concurrent jurisdiction in the Family Court and the criminal courts. However, where the offense is child abuse the action must initiate in Family Court, whereas in the case of other family offenses, such as wife beating, the complainant has a choice of forum wherein to commence the action. As previously stated, however, the term "exclusive original jurisdiction” with repect to intra-family child abuse cases does not *180 prevent subsequent removal of these cases from Family Court to the criminal courts when the Family Court deems this appropriate, so long as the initial child abuse proceeding is commenced in Family Court. Procedures with respect to child abuse cases are not materially changed from the previous law. This is implicit in the statutory definition of the phrase "exclusive original jurisdiction.”
"Exclusive original jurisdiction” is a phrase defined by section 114 of the Family Court Act: "Where used in this act, 'exclusive original jurisdiction’ means that the proceedings over which the family court is given such jurisdiction must be originated in the family court in the manner prescribed by this act. The provisions of this act shall in no way limit or impair the jurisdiction of the supreme court as set forth in section seven of article six of the constitution of the state of New York.”
Thus it is clear that the phrase "exclusive original jurisdiction” does not equate with "exclusive” jurisdiction. All the phrase "exclusive original jurisdiction” as used in the new section 812 of the Family Court Act means is that matters of intra-family child abuse, as differentiated from other intrafamily assaults, must originate in Family Court. It does not bar the subsequent exercise of criminal jurisdiction by Supreme Court. Any other interpretation would violate the provisions of section 7 of article VI of the New York Constitution.
Once Family Court divests itself of its original jurisdiction in the subject case, the criminal courts can exercise jurisdiction. This is manifest from a comparison of subdivisions 2 and 3 of section 821 of the Family Court Act dealing with the respective powers of Family Court and the criminal courts when the other has originated jurisdiction. "No proceeding under this article shall be originated, based upon the same act which is or was the subject of an action commenced in a criminal act.” (Family Ct Act, § 821, subd 2.) Thus when the complainant in a family offense has initiated criminal action in a criminal court, Family Court is indeed barred for all time from becoming involved in the specific incident. However, it does not appear that such is the case when the original proceeding was commenced in Family Court. "No application may be made to the criminal courts while a matter is pending in family court with respect to the same acts.” (Family Ct Act, § 821, subd 3.) This obviously leaves open to the criminal *181 courts jurisdiction to prosecute criminally the same acts after the proceeding commenced in Family Court has terminated, even though the converse is not true. Had the Legislature meant otherwise it would have used the same language in both subdivisions 2 and 3.
Formerly section 812 of the Family Court Act gave to Family Court "exclusive original jurisdiction” in all family offenses therein enumerated; all family offenses enumerated in section 812 had to be commenced in Family Court; section 813 of the Family Court act provided for transfer to Family Court of all proceedings erroneously commenced in the criminal courts. The 1977 amendment to section 812 took away from Family Court its exclusive original jurisdiction over family offenses therein enumerated, except in cases of intrafamily child abuse and made jurisdiction over all therein enumerated family offenses concurrent with the criminal courts. Thus in all cases covered by the new section 812 except intra-family child abuse, the complainant has a choice of where and how to prosecute the proceeding, either as a family matter in Family Court or a criminal action in the criminal courts. And as to such offenses, repeal of sections 813 and 816 of the Family Court Act meant that once the option was exercised it was final. There was to be no going from one court to another. The impetus for the change in the law was to give the "battered spouse” his or her choice of remedies.
This is not the procedure with respect to child abuse. An abused child is not in a position to make such a choice and thus with respect to intra-family child abuse the procedure remained as before, with the requirement that such cases commence in Family Court, but not barring subsequent jurisdiction to the criminal courts when the Family Court terminated its proceeding.
The provision of section 812 of the Family Court Act with respect to intra-family child abuse must be read in conjunction with article 10 of the Family Court Act, which deals with child protective proceedings. The reason for the special language in section 812 with respect to intra-family child abuse was to make it comport with the procedures of article 10, which were not materially changed by the 1977 amendments to the Family Court Act. Thus under section 1013 of the Family Court Act Family Court has "exclusive original jurisdiction” over child abuse cases, and under section 1014 of the Family Court Act a criminal court may transfer to Family *182 Court any criminal complaint charging facts amounting to child abuse, whereupon the Family Court must hold a hearing and determine what further action, is appropriate, including transferring the criminal complaint back to the criminal court from whence it came.
Article VI (§ 19, subd b) of the New York Constitution likewise provides that “The county court shall transfer to the * * * family court any action or proceeding * * * over which the county court has no jurisdiction.”
Accordingly, pursuant to CPL 210.20 (subd 1, par [a]) and 210.25 (subd 2), the indictment herein is dismissed for lack of jurisdiction by reason of the fact that the proceeding concerning the offense involved herein should have originated in Albany County Family Court.* Further, pursuant to the mandate of article VI (§ 19, subd b) of the New York Constitution, and pursuant to section 1014 of the Family Court Act, this matter is transferred to Albany County Family Court for proceedings consistent with said section' 1014. The People shall have leave to resubmit this matter to a Grand Jury should Albany County Family Court transfer this matter back to the criminal courts. (People v Johnson, 20 NY2d 220.)
By reason of this disposition, the other motions of the defendant contained in her omnibus motion are rendered moot and are accordingly denied, with leave to the defendant to renew such omnibus motion in the event the indictment herein is transferred back to the criminal courts by Albany County Family Court.

 The indictment herein was returned in Supreme Court and transferred for trial to Albany County Court. This courts wishes its position to be crystal clear: Supreme Court has concurrent jurisdiction with Family Court over intra-family child abuse cases, but procedurally these cases must commence in Family Court and transferred to a criminal court if Family Court deems this appropriate.