Jose Rodriguez, Petitioner, v A. F. Myerson, as Justice of the Supreme Court of the State of New York, et al., Respondents.

Second Department, July 30, 1979

**APPEARANCES OF COUNSEL**

*Leon B. Polsky (Barbara Salken, Paula Sweeney, Steve Asin* and *Ivar Goldart* of counsel), for petitioner.

*Eugene Gold, District Attorney (Suzan Picariello, Helman R. Brook* and *Lois M. Raff* of counsel), respondent *pro se.*

**OPINION OF THE COURT**

SHAPIRO, J.

In an indictment (3189-1978) returned by a Kings County Grand Jury, the petitioner, 15-year-old Jose Rodriguez, has been charged with the crime of robbery in the first degree. He now brings this article 78 proceeding to prohibit the respondents from prosecuting him on that indictment on the theory that since a "local criminal court" (CPL 180.75, subd 1) had ordered the removal of the action to the Family Court "in the interests of justice" (CPL 180.75, subd 4, par [a]), he is not subject to criminal prosecution but must be treated as if he were originally prosecuted as a juvenile delinquent. We agree and therefore grant the application for an order of prohibition.[1]

---

**1.** [2] In addition to arguing the merits, the District Attorney makes the procedural objection that petitioner may not seek the extraordinary remedy of prohibition because the questions raised relate to the inherent power of the Grand Jury to indict after a lower court's order of removal to the Family Court, and that such question is "hardly jurisdictional. Indeed it is a purely legal issue."

However, this court and the Court of Appeals have held that an article 78 proceeding is the appropriate proceeding to challenge the jurisdiction of the Supreme Court when it is premised upon an indictment which the Grand Jury was not authorized to return *(Matter of Steingut v Gold,* 42 NY2d 311, affg 54 AD2d 481). *Steingut* related to the geographical jurisdiction of Kings County to indict. It is a fortiori applicable where, as here, there has been a *judicial* determination that the charges against petitioner should be removed to the Family Court.

## THE FACTS

The petitioner (hereafter also the defendant) was arrested on September 6, 1978, five days after the effective date of the "juvenile offender" statutes (see CPL 1.20, 180.75, 725.00 *et seq.;* Family Ct Act, § 712, subd [a]; Penal Law, § 30.00). He was charged with robbery in the first degree, criminal possession of stolen property in the third degree and criminal possession of a weapon in the fourth degree. The charges arose from an incident in which the defendant and another allegedly appropriated the sum of $5 from an 11-year-old boy by threatening him with an instrument similar to a utility knife.

On September 7, 1978, petitioner was arraigned in Kings County Criminal Court as a juvenile offender. His counsel requested removal to the Family Court. The case was adjourned to September 11, 1978 for a felony and removal hearing. On that day the defendant appeared in the Criminal Court but the case was not called until 3:00 P.M. The complainant (the 11-year-old victim of the robbery) had appeared in court but became ill and left before the case was called. The Assistant District Attorney stated that because of this he could not proceed with a preliminary hearing and requested an adjournment. Defendant's counsel stated that separate and apart from the felony hearing was the issue of whether "the Court should consider this individual for treatment as a waiver to Family Court * * * This is not a matter that needs the consent of the District Attorney." The court denied the prosecutor's request for an adjournment and proceeded to take testimony from a Legal Aid Society social worker as to the type of placement that could be made of defendant in the Family Court (in effect, the court held a removal hearing).

Although, generally, one may not obtain review of an error of law by way of prohibition, it is an appropriate procedure where the issue is the jurisdiction and power of the court, including "as for example in the instance of double jeopardy, an unlawful use or abuse of the entire action or proceeding as distinguished from an unlawful procedure or error in the action or proceeding itself related to the proper purpose of the action or proceeding" *(Matter of State of New York v King,* 36 NY2d 59, 64).

Here, petitioner seeks relief from "an unlawful use or abuse of the entire action or proceeding", not from any specific ruling made during the course of the proceeding. The removal order of the Criminal Court, based on that court's determination on the statutorily specified ground of "the interests of justice", constituted a determination that there was no jurisdiction in the Criminal Court for further prosecution. The essence of petitioner's complaint then is one of lack of jurisdiction as to the entirety of the ensuing criminal prosecution. As such, prohibition lies.

That witness testified that if the defendant were adjudicated to be a juvenile delinquent by the Family Court he could be subjected to as much as a three-year restrictive placement. At the conclusion of her testimony, the court stated to the Assistant District Attorney that he could cross-examine but the latter refused. The court granted the defendant's motion for removal stating:

"After making inquiry, giving the parties an opportunity to be heard on the removal portion, I have determined, that it would be in the interests of justice to remove this to the Family Court. That Family Court has ample penal institutions appropriate for sentence [i]f that court determines that incarceration would be warranted.

"I am making such determination as I now consider the defendant's age, the fact his mother is in Court with him, the fact at the moment he is * * * housed at St. Vincent's Hall * * *

"I am referring this case to the Family Court as the proper jurisdiction to take care of it."

The court overruled the Assistant Disctrict Attorney's objection that the People had not had "an ample opportunity" to object to the removal.

On September 18, 1978, the defendant appeared in the Kings County Family Court where he was arraigned and entered a general denial. The Assistant District Attorney requested, and was granted, an adjournment to October 4, 1978 for "purposes of investigation".

Six days before the adjourned date, on September 28, 1978, defendant's case was presented to the Grand Jury which voted an indictment charging him with robbery in the first degree.

On October 4, 1978, over the objection of defendant, the Family Court withdrew the petition pending in that court. Thereupon, defendant moved, in the Criminal Term of the Supreme Court, to dismiss the indictment, claiming lack of jurisdiction by reason of the removal order to the Family Court.

### THE DECISION AT CRIMINAL TERM

The court, after reviewing various aspects of the juvenile offender statutes, denied defendant's motion to dismiss the indictment on the theory that the Grand Jury's powers "can-

not be curtailed or diminished except by constitutional amendment or statutory enactment". The court further stated:

"There is no express provision in either the Criminal Procedure Law or Family Court Act restraining the powers of the grand jury in this case. The legislature in this instance has specifically stated that the commission of certain violent felonies by juveniles, fourteen and fifteen years of age are criminal *ab initio* * * * The legislature could have given the Family Court exclusive jurisdiction in cases involving juveniles as it did in matters involving activities between members of the same family (Family Court Act Sec. 812). This it failed to do.

"In the case at bar, the grand jury would have had the power to indict the defendant if the Criminal Court Judge had dismissed the complaint. The recent juvenile offender law gives the juvenile no greater right because the judge removed the case to Family Court rather than dismissing same.

"The Criminal Court could not act to supercede the grand jury with its power to indict."

We disagree because, in our opinion, under the applicable statutes, once a criminal charge against a youth has been removed to the Family Court the Grand Jury *thereafter* has no jurisdiction to indict him.

### THE JUVENILE OFFENDER STATUTES

Prior to September 1, 1978, neither the criminal courts of this State, nor the Grand Jury, had jurisdiction (with exceptions not here applicable) to proceed against children up to the age of 16 who committed an act which, if committed by an adult, would constitute a crime. The sole jurisdiction was that of the Family Court, which could adjudicate them juvenile delinquents (Family Ct Act, § 712, former subd [a], L 1962, ch 686, as amd).

In 1978 legislation was enacted, effective September 1, 1978 (L 1978, ch 481), which, *inter alia,* created a new category of 13-, 14- and 15-year-old "juvenile offenders" and made them criminally responsible for certain stated criminal conduct. That legislation permits their prosecution as criminals unless, *inter alia,* the court orders their prosecution as juvenile delinquents in the Family Court.

Subdivision (a) of section 712 of the Family Court Act was amended to include in the definition of juvenile delinquent,

"[a] person over seven and less than sixteen years of age who, having done an act that would constitute a crime * * * (ii) is the defendant in an action ordered removed from a criminal court to the family court pursuant to article seven hundred twenty-five of the criminal procedure law" (L 1978, ch 481, § 47).

Subdivision 42 was added to CPL 1.20 (entitled "Definitions of terms of general use in this chapter"). That subdivision defined "juvenile offender" as including "a person fourteen or fifteen years old who is criminally responsible for acts constituting the crimes defined" in stated sections of the Penal Law (including Penal Law, § 160.15, robbery in the first degree; L 1978, ch 481, § 32).

Section 30.00 of the Penal Law was amended to make the "juvenile offender" criminally responsible for the acts specified in the new subdivision 42 of CPL 1.20 (L 1978, ch 481, § 28).

CPL 180.75 (L 1978, ch 481, § 33) is entitled "Proceedings upon felony complaint; juvenile offender." It relates to the procedure upon and following arraignment of a juvenile "before a local criminal court" (subd 1). Subdivision 2 provides that if a defendant waives a hearing upon the felony complaint, the court is to hold the defendant "for the action of the grand jury of the appropriate superior court". Subdivision 3 provides that if there was a hearing on the felony complaint, (a) if there was reasonable cause to believe that the defendant committed a crime for which a person under the age of 16 was criminally responsible, the court must order that the defendant be held for the action of a Grand Jury; (b) if there was not reasonable cause to believe that the defendant committed such crime but there was reasonable cause to believe that he was a "juvenile delinquent", the court must remove the action to the Family Court; and (c) if there was not reasonable cause to believe that the defendant committed any criminal act, the court must dismiss the felony complaint and discharge the defendant from custody.

Particularly relevant here is CPL 180.75 (subd 4), which provides: "Notwithstanding the provisions of subdivisions two and three of this section, (a) the court, on motion of any party or *on its own motion may,* and shall, at the request of the district attorney, *order removal of an action,* except one involving a complaint charging a juvenile offender with murder in the second degree, or an armed felony as defined in subdivision forty-one of section 1.20 of this chapter, *to the*

*family court* pursuant to the provisions of article seven hundred twenty-five of this chapter, *if it is determined that to do so would be in the interests of justice"* (emphasis supplied).

CPL 180.75 (subd 5) stated that "[f]or the purpose of making a determination pursuant to subdivision four hereof, the court may make such *inquiry* as it deems necessary" (emphasis supplied).

CPL article 725 is entitled "Removal of proceeding against juvenile offender to family court" (L 1978, ch 481, § 44). CPL 725.10 states:

"1. When an order of removal is filed with the *family court* a proceeding pursuant to article seven of the family court act *must be originated.* The family court thereupon must assume jurisdiction and proceed to render such judgment as the circumstances require, in the manner and to the extent provided by law.

"2. Upon the filing of an order of removal in a *criminal court* the criminal action upon which the order is based *shall be terminated.* All further proceedings including motions and appeals shall be in accordance with laws appertaining to the family court and for this purpose all findings, determinations, verdicts and orders other than the order of removal, shall be deemed to have been made by the family court" (emphasis supplied).

THE EXCLUSIVITY OF THE FAMILY COURT'S JURISDICTION IN JUVENILE DELINQUENCY PROCEEDINGS, INCLUDING MATTERS REMOVED TO IT BY A LOCAL CRIMINAL COURT

The Family Court Act, enacted in 1962 pursuant to a constitutional grant of authority, gave the Family Court "exclusive original jurisdiction over * * * proceedings concerning juvenile delinquency" (Family Ct Act, § 115, subd [a], par [v]). Subdivision (a) of section 712 of that act (as amd by L 1978, ch 481, § 47), includes in the definition of juvenile delinquent one who is a "defendant in an action ordered removed from a criminal court to the family court pursuant to article [725] of the criminal procedure law." This was an added alternative to the sole pre-1978 definition of "juvenile delinquent" as "a person over seven and less than sixteen years of age who does any act which, if done by an adult, would constitute a crime." The present defintion also includes one who "is not criminally

responsible for such [criminal] conduct by reason of infancy" (Family Ct Act, § 712, subd [a], par [i]).

The parallel new provisions of the CPL mandate that when the order of removal from the criminal court is filed with the *Family Court,* the latter "must assume jurisdiction and proceed to render such judgment as the circumstances require" (CPL 725.10, subd 1). Most significantly the statute provides that "[u]pon the filing of an order of removal in a criminal court the criminal action upon which the order is based shall be terminated. All further proceedings * * * shall be in accordance with laws appertaining to the family court" (CPL 725.10, subd 2). Thus, upon the removal to the Family Court, *in the absence of an indictment being returned against him prior thereto,* there was no longer a criminal proceeding pending against Rodriguez. Although as a putative criminal matter the proceeding had its inception in a criminal court, by the order of removal it was thereafter determined to be a juvenile delinquency proceeding whose sole forum was to be the Family Court.

Article VI (§ 7, subd a) of the State Constitution authorized the Legislature to grant jurisdiction over crimes and offenses by minors to the Family Court. Article VI (§ 13, subd b) of the Constitution states: "The family court shall have jurisdiction over the following classes of actions and proceedings which shall be originated in such family court in the manner provided by law: (1) the protection, treatment, correction and commitment of those minors who are in need of the exercise of the authority of the court because of the circumstances of * * * delinquency * * * as the legislature may determine."

The 1978 legislation was enacted pursuant to that authority. Therefore, the Supreme Court, by specific legislative exclusion, has no power to prosecute a youth for conduct constituting juvenile delinquency (see *People v Stevenson,* 17 NY2d 682; *People v Johnson,* 20 NY2d 220). It thus seems clear that the Legislature acted within its constitutional authority when it added a category to the Family Court jurisdiction by enlarging the definition of "juvenile delinquent".

In *People v Johnson (supra),* the court considered former section 812 of the Family Court Act which gave the Family Court exclusive original jurisdiction of assaults between spouses. The court held (p 223) that the act prohibited Grand Jury indictment unless, as provided in sections 811 and 816, the Family Court ruled that its own processes and remedies

were not appropriate *(People v Pieters,* 20 NY2d 691; *People v Williams,* 24 NY2d 274).

Chief Judge FULD, speaking for a unanimous court in *Johnson,* said (20 NY2d 220, 224-225, *supra):* "The district attorney * * * argues that our interpretation of the Constitution and the statute undermines the constitutional powers given to the grand jury to 'inquire' into crimes and 'originate charges against those' believed to have committed them * * * However, since an act does not become a 'crime' until the Legislature defines it as such * * * the Legislature may properly provide * * * that a 'family offense' was not to be prosecuted as a 'crime' until the Family Court judge so determined * * * Legislative exclusion from penal sanctions of acts which would otherwise be regarded as criminal is not without precedent * * * No one disputes that the grand jury is powerless to indict a child between the ages of 7 and 16[2] * * * The Family Court Act has a similar impact on the scope of the powers which may be exercised by the grand jury."

The *Johnson* court further held that the Legislature could delegate to the judiciary the decision as to whether a particular individual was an appropriate candidate for exclusion from criminal proceedings per se.

It is therefore now an established principle that neither the prosecutor nor the Grand Jury may divest the court of its legislatively granted authority to determine whether the Family Court should have jurisdiction *(People v Pieters, supra; People v Jones,* 59 AD2d 617; *People v McCarthy,* 59 AD2d 749) *unless prior to such determination the Grand Jury has acted.* Accordingly, the District Attorney may not substitute his judgment for that of the particular court to which the Legislature gave authority to decide whether Family Court jurisdiction was appropriate (see *People v De Jesus,* 21 AD2d 236, 241). Therefore, once a jurisdictional determination has been made by the appropriate court that the proceeding should remain in or be transferred to the Family Court, any *subsequent* indictment by the Grand Jury lacks authority and

---

2. This was, of course, prior to the 1978 legislation which created the category of "juvenile offender" so that in a proper case a youth could be indicted by the Grand Jury. At the time of *People v Johnson* (20 NY2d 220, *supra)* one who engaged in a criminal activity who was a child between the ages of 7 and 16 was a "juvenile delinquent". Therefore, the *Johnson* court was stating in effect "no one disputes that the grand jury is powerless to indict a juvenile delinquent". That is what we now reaffirm.

is void. To sanction a parallel proceeding in the Supreme Court based on a Grand Jury indictment thereafter returned would make the statutory plan irrational and unworkable. The issue is not whether the Grand Jury's traditionally wide latitude should be diminished by implication for, as the District Attorney properly concedes, the Legislature may indeed curtail the broad powers of the Grand Jury. He contends, however, that the 1978 legislation does not constitute "an explicit * * * legislative statement" to that effect. We do not agree. The Grand Jury is an arm of the Criminal Part of the Supreme Court. The Grand Jury cannot stir the Supreme Court to action where the Legislature has stated that the Supreme Court may not act. It is an anomaly for the District Attorney to concede that the Legislature may give the Family Court exclusive original jurisdiction over specific matters, but that the Legislature may not do so by the machinery of removal from the criminal court where the juvenile is arraigned *if the Grand Jury has not acted prior thereto.*

In deciding whether criminal responsibility was to be applied to offenses committed by individuals under the age of 16 years, the Legislature (as it earlier had done with interspousal assaults) could have permitted the Family Court to obtain jurisdiction *from its inception* and to have given that court the discretionary power to thereafter remove the proceedings as to certain violent offenders to the criminal courts. Instead, it gave to the *criminal court* original jurisdiction over certain violent juvenile offenses with the discretion to *that* court to make "such inquiry as it deems necessary" (CPL 180.75, subd 5) before ordering their removal to the Family Court in the "interests of justice" (CPL 180.75, subd 4, par [a]).

The District Attorney contends that because the Legislature gave *original* jursidiction to the criminal court the reasoning in *Johnson* (20 NY2d 220, *supra)* does not apply. We see no difference (of jurisdictional consequence) in the fact that the Legislature chose the former method rather than the latter. The undeniable fact remains that the Legislature provided that a juvenile delinquent includes one who "is the defendant in an action ordered removed from a criminal court to the family court" (Family Ct Act, § 712, subd [a], par [ii]), and that *"[u]pon the filing of an order of removal in a criminal court the criminal action upon which the order is based shall be terminated"* (CPL 725.10, subd 2; emphasis supplied).

The District Attorney asserts "that the Legislature left the

prosecution the option of Grand Jury action in the event of the arbitrary and unwarranted removal evidenced herein." Implicit in that startling assertion is the assumption that the District Attorney has the right (and by resort to attempted persuasion of the Grand Jury, frequently the power) to decide whether there shall be compliance with a *prior* decision of the criminal court made by it "in the interests of justice". The District Attorney argues that such a right exists by analogizing it to the power of the Grand Jury to indict a defendant upon charges which have been previously dismissed by a lower court Judge following a preliminary hearing held pursuant to CPL 180.10 (subd 2). The attempted analogy completely lacks merit. In the case of a dismissal we are dealing with the power of the Grand Jury to investigate the *facts* indicating criminality, but clearly it has no authority to reverse the legislatively established standard of "interests of justice" applied by the Criminal Court in determining that a youth shall not be prosecuted as an adult and that the proceedings against him are to be limited to the Family Court in an appropriate juvenile delinquency action.

We need not here decide whether a criminal court's removal order to the Family Court is appealable by the People. Whatever the District Attorney may or may not do to register his disapproval of the court's action, he may not ignore it as though it had never happened. He cannot rationally argue that the Grand Jury is the appropriate appellate forum as to removals to the Family Court to which he objects. In any event, in this case, the District Attorney's contention that the inquiry made by the Criminal Court Judge was insufficient to warrant the removal of the proceeding to the Family Court lacks merit since the Legislature expressly provided that no formal hearing for that purpose was required but simply that the hearing court "make such inquiry as it deems necessary" (CPL 180.75, subd 5).

The recent decision of the Court of Appeals in *Matter of Vega v Bell* (47 NY2d 543) is not to the contrary. There a 15-year-old made request for a preliminary hearing and also for an inquiry seeking removal of the charges to the Family Court. The prosecutor informed the court that the Grand Jury had voted a true bill on the previous day, although the indictment had not as yet been handed down. The Criminal Court Judge held that he had been divested of jurisdiction by the action of the Grand Jury. The defendant moved in the

Supreme Court for dismissal of the indictment on the ground that he had been deprived of the right to a removal hearing. The Supreme Court held that the "Grand Jury acted within its own authority which cannot be diminished by any previous court hearing or lack of such hearing". The defendant, as petitioner in an article 78 proceeding in the Appellate Division, First Department, sought to prohibit prosecution of the indictment. By a sharply divided court, the Appellate Division granted prohibition. In reversing that determination, the Court of Appeals stressed the *fact that the indictment had been returned in the absence of any prior removal proceeding by the local criminal court.* The Court of Appeals said (pp 549-550):

"Our examination of the statutes, however, persuades us that a juvenile offender may indeed be indicted by a Grand Jury without first being afforded a removal hearing before a local criminal court. Petitioner's arguments are based on a misunderstanding of the nature and function of CPL 180.75.[3] That section deals only with those accused juvenile offenders who have been arrested and are arraigned on a felony complaint prior to Grand Jury action. The primary function of the section is to provide a prompt felony hearing, similar to that granted to an accused adult defendant (see CPL 180.10, subd 2). In both situations, the primary purpose of such a hearing and such a procedure is to determine whether there exists reasonable cause to hold a defendant in custody pending action by a Grand Jury (see CPL 180.10, subd 1; Staff Comments to Proposed CPL 90.60; *People v Jackson,* 48 Misc 2d 1026, 1027-1028; Pitler, New York Criminal Practice Under the CPL, § 4.30). * * *

"Defendant would have us hold that simply because the Legislature has seen fit to provide the local criminal court with additional dispositional powers at the felony complaint arraignment state, it has in some way made arraignment before a local criminal court a necessary jurisdictional predicate for indictment by a Grand Jury. Were this so, it would mean that no juvenile offender could be indicted without first

---

3. On July 7, 1979, CPL 180.75 was substantially amended (L 1979, ch 411). A new paragraph (f) of subdivision 6 thereof carries out the rationale of this opinion. It provides: "'(f) Where a motion by the defendant pursuant to subdivision five has been granted, there shall be no further proceedings against the juvenile offender in any local or superior criminal court for the offense or offenses which were the subject of the removal order.'"

being arrested upon a felony complaint and arraigned before a local criminal court, since that is the way in which a juvenile is brought before a local criminal court pursuant to CPL 180.75. Such a result would be unthinkable, for the Grand Jury certainly has the power to indict a person not yet arrested or arraigned. Indeed, to require arrest and arraignment as a prerequisite to Grand Jury consideration would be to mandate unnecessary preindictment incarceration and to place a totally unneeded burden upon the judicial system.

*"The Legislature's decision to provide a local criminal court with power to remove an accused juvenile offender to Family Court was plainly intended to serve as a means of removing from the criminal system as quickly as possible those juveniles who, because of exceptional circumstances, can be dealt with more effectively within the juvenile system.* It was not intended to mandate local criminal court consideration of every alleged juvenile offender as a prerequisite to Grand Jury consideration." (Emphasis supplied.)

Since here the defendant became "an accused juvenile offender" by the removal of the case to the Family Court and was thereby removed "from the criminal system" at a time when the Grand Jury had not yet acted, it lacked power to proceed against him by way of an indictment.

We therefore grant the petitioner's application for an order prohibiting his prosecution under Kings County Indictment No. 3189-1978.

MOLLEN, P. J., SUOZZI, RABIN and GULOTTA, JJ., concur.

Petition granted, without costs or disbursements, and respondents are prohibited from prosecuting petitioner under Kings County Indictment No. 3189-1978.