■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL OLIVER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 31, 1978, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and case remanded to Criminal Term with a direction that the matter be transferred to the Family Court, Kings County. Defendant was arrested and indicted for the crimes of reckless endangerment in the first degree, coercion in the first degree, and criminal possession of a weapon in the third degree, arising out of an incident during which he threatened to use a kitchen knife to harm two of his children if a Family Court warrant was served upon him by police officers who had accompanied his wife to his apartment. The jury found the defendant guilty only of possession of a weapon in the third degree. Prior to its amendment and at the time of this offense, section 812 of the Family Court Act provided that the Family Court had "exclusive original jurisdiction * * * over any proceeding concerning acts which would constitute disorderly conduct, harassment, menacing, reckless endangerment, an assault or an attempt assault between spouses or between parent and child or between members of the same family or household." Although

the defendant was indicted for coercion and criminal possession of a weapon, these crimes were inextricably related by a common element to the reckless endangerment charge, and thus were within the exclusive jurisdiction of the Family Court (see *People v Jones,* 59 AD2d 617). In addition, the People's assertion that a family dispute was not involved here, but rather an attempt by the defendant to resist an arrest, involves a hypertechnical and unrealistic reading of the statute. The warrant of arrest was itself related to marital problems which the defendant and his wife were having. Therefore, the appropriate forum for the entire matter, in the first instance, was the Family Court (see *People v Johnson,* 20 NY2d 220). Rabin, J. P., Gulotta, Cohalan and O'Connor, JJ., concur.