## SECOND DEPARTMENT, AUGUST, 1982

## (August 2, 1982)

■ In the Matter of JOHN G., Petitioner, v BERNARD DUBIN, as Justice of the Supreme Court of the State of New York, County of Queens, et al., Respondents. — Proceeding pursuant to CPLR article 78 to prohibit the respondents from enforcing an order of the Supreme Court, Queens County, dated March 17, 1982, which, upon reargument, denied the petitioner's motion to remove the action to Family Court. Petition granted, on the law, without costs or disbursements, and the respondents are prohibited from enforcing the order. On August 17, 1981, the petitioner, a 14-year-old juvenile, was arrested and charged with robbery in the first degree and lesser related offenses. The arrest grew out of the petitioner's alleged involvement in the theft of an automobile and his use of a knife to threaten the complainant. The case was presented to a Queens County Grand Jury and, on August 21, 1981, the petitioner was indicted for robbery in the first degree, grand larceny in the second degree, criminal possession of a weapon in the fourth degree, and menacing. By notice of motion dated October 26, 1981, the petitioner moved pursuant to CPL article 725 for an order removing the action to the Family Court or, in the alternative, for a hearing on the motion pursuant to CPL 210.43. Urging that the Family Court was "better equipped to deal with a youth with emotional and physical problems", the petitioner offered the following reasons for the removal of his case: "[Petitioner] is fourteen years of age; he resides with his parents and was associated with the Jamaica Community Association. He had been evaluated as handicapped for purpose of placement in school. He has had a history of psychiatric difficulties and is in need of treatment and counseling. [Petitioner] * * * was avaluated [*sic*] by the Committee on the Handicapped. He was designated as handicapped under the Public Law." The People opposed the motion for the following reasons: "(1) the crimes with which the [petitioner] is charged are extremely serious; including a robbery of the complaining witness at knifepoint; (2) the [petitioner] by his actions caused the complaining witness to fear for her life; (3) several witnesses saw the crime; and their testimony should in all likelihood be admissible in court; (5) [*sic*] the [petitioner's] acts are serious enough to warrant the punishment imposed by law upon adult offenders; (6) the safety of the community could not be assured, were the [petitioner] to be tried and punished in family court; his crime was violent, and may be repeated, (7) so serious a crime as this must be processed in Supreme Court, or the public would lose confidence in the efficacy of the criminal justice system; (8) upon information and belief, the complainant wishes to prosecute."

By order dated November 19, 1981, the court (Dubin, J.), granted the motion and directed that the action be removed to the Family Court. In its accompanying memorandum, the court wrote: "Analyzing the facts of this case, the court finds that the [petitioner] presently attends the Jamaica Community Association Program as a fulltime student. He resides with his parents and has lived in the Jamaica area of Queens all of his life. The [petitioner] has a history of psychiatric difficulties and is admittedly in need of treatment and counseling. At present he has been designated as handicapped under the Public Law. Turning to the law in this area, the court first considers the seriousness of the crime. In this regard forcible robbery and threatening with the use of a knife cannot be considered as minor incidents. However, the complainant suffered no physical injury and possession of a knife does not constitute an armed felony under subdivision 41 of CPL 1.20. In addition, the court finds that removal of this case would have no impact on the safety or welfare of the community. The [petitioner's] background shows no prior trouble with the law and his family has apparently taken steps to give him supportive treatment, nor has the District Attorney offered any factual opposition to such a removal. Based on the above, this court finds that the rehabilitative nature of the Family Court would be best for this emotionally disturbed [petitioner]. Therefore, the motion to remove the action to the Family Court pursuant to CPL 210.23 [*sic*] is granted." Pursuant to the court's order, the case was removed to the Family Court and a juvenile delinquency petition was filed. On January 12, 1982, the People moved in the Supreme Court for reargument of the petitioner's motion, alleging that: (1) the charged crime was serious, and merits punishment in the Supreme Court; (2) the community must be protected from violent crimes and such protection cannot be gained through the Family Court; (3) the prosecution's case is strong; (4) there is a particular need to protect senior citizens in the community, and the complainant was 80 years old; and (5) the complainant is "extremely adamant" about pursuing the matter. As part of their motion papers, the People apparently submitted an exhibit demonstrating that the petitioner has an extensive Family Court history. At the time the motion to reargue was made, the petitioner's Family Court case had been docketed and was in pretrial status with motions filed and discovery pending. By order dated March 17, 1982, some four months after signing the order which removed the case from the jurisdiction of the Supreme Court, Justice Dubin granted the application to reargue, vacated his prior order, and directed that the case be returned to the Supreme Court. In his decision, Justice Dubin wrote: "A review of this newly discovered evidence establishes that it is most pertinent to the hearing and justifies the State's claim to reargue. Clearly these are facts which would have produced a different result if originally presented. Since this is the case, the court feels that it does possess the inherent power to hear reargument and to revoke an order generated, possibly unknowingly, through erroneous information * * * While there may have been no deliberate attempt to misrepresent, the youthful petitioner was under a duty to clarify the situation as regards his past history. He was moving in the interests of justice and all pertinent facts should have been placed before the court." The petitioner now seeks a judgment prohibiting the respondents from enforcing the order issued on reargument. CPL 725.10 (subd 2) provides: "Upon the filing of an order of removal in a criminal court the criminal action upon which the order is based shall be terminated, and there shall be no further criminal proceedings in any criminal court as defined in section 10.10 of this chapter with respect to the offense or offenses charged in the accusatory instrument which was the subject of removal. All further proceedings including motions and appeals shall be in accordance with laws appertaining to the family court and for this purpose all

findings, determinations, verdicts and orders other than the order of removal, shall be deemed to have been made by the family court." Under the plain language of the statute, the filing of an order of removal will generally have the effect of permanently divesting the criminal courts of jurisdiction. (See *Rodriquez v Myerson,* 69 AD2d 162.) We note that we are not now called upon to determine the appropriate course where a removal order is procured through the juvenile's fraudulent misrepresentation (cf. *Matter of Tremarco v New York State Bd. of Parole,* 87 AD2d 114), as the petitioner here is guilty of no such misconduct. In our view, the record before us does not present extraordinary circumstances sufficient to justify the recall of the case to the Supreme Court four months after that court was divested of jurisdiction, and at a time when the action was about to be reached for trial in the Family Court. Accordingly, the petition is granted and the respondents are hereby prohibited from enforcing the order which, upon reargument, denied the petitioner's motion for removal. Mollen, P. J., Titone, Mangano and Weinstein, JJ., concur.