■ In the Matter of MARC RODRIGUEZ, Petitioner, v DONALD GRAJALES et al., Respondents.—Proceeding pursuant to CPLR article 78 in the nature of prohibition to bar the respondents from proceeding with the prosecution of the petitioner in the Supreme Court, Kings County.

Adjudged that the petition is granted, on the law, without costs or disbursements, and the respondents are prohibited from proceeding with the prosecution of the petitioner in the Supreme Court, Kings County.

In October 1991 the 15-year-old petitioner was charged in Indictment No. 11637/91 with robbery in the first degree, robbery in the second degree, and grand larceny in the fourth degree (two counts). In February 1992 the respondent Justice Grajales of the Supreme Court, Kings County, reduced the charge of robbery in the first degree to robbery in the third degree, finding that the higher charge was not sustained by the evidence before the Grand Jury, and granted the People's motion pursuant to CPL 210.20 (5), to remove the case to the Family Court, Kings County, where it was docketed and marked for trial. While the matter was pending in the Family Court, the People obtained permission to re-present the case to the Grand Jury, and, without notice to the petitioner,

re-presented the case to the Grand Jury pursuant to CPL 210.20 (6), and obtained Indictment No. 3534/92 against him, again charging him with robbery in the first degree, robbery in the second degree, and grand larceny in the fourth degree (two counts). The respondent District Attorney now seeks to prosecute the petitioner on this criminal indictment rather than in the Family Court.

Under the plain language of CPL 725.10 (2), "the filing of an order of removal will generally have the effect of permanently divesting the criminal courts of jurisdiction * * * (*Rodriquez v Meyerson*, 69 AD2d 162)" (*Matter of John G. v Dubin*, 89 AD2d 839, 840-841). The record before us does not present any extraordinary circumstances sufficient to justify the recall of the case to the Supreme Court. Therefore, the petition must be granted. Mangano, P. J., Thompson, Bracken, Sullivan and Balletta, JJ., concur.