Matter of Orange County Attorney v M.G. (2004 NY Slip Op 51444(U))

[*1]

Matter of Orange County Attorney v M.G.

2004 NY Slip Op 51444(U)

Decided on November 5, 2004

Family Court, Orange County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 5, 2004

Family Court, Orange County
In the Matter of a Designated Felony Proceeding ORANGE COUNTY ATTORNEY, Petitioner,
against
M.G., Respondent.
In the Matter of a Designated Felony Proceeding ORANGE COUNTY ATTORNEY, Petitioner, Docket No. E-4039-04 - against -
against
J.K., Respondent.
E-4040-04

Allan Y. Drian, Esq.
Orange County Department of Law
Orange County Courthouse
285 Main Street
Goshen, New York 10924
John Ingrassia, Esq.
Larkin, Axelrod, Ingrassia & Tetenbaum
Attorneys for M.G.
356 Meadow Avenue
Newburgh, New York 12550
Bruce D. Townsend, Esq.
Attorney for J.K.
26 Albany Ave.
Walden, New York 12586-1204

Debra J. Kiedaisch, J.
These are motions filed respectively on behalf of the two named respondents in the above captioned Family Court juvenile delinquency proceedings which seek to dismiss the proceedings based, inter alia, upon the alleged lack of jurisdiction in this Court to proceed. These proceedings have been filed in the Orange County Family Court by way of the order of the Justice Court of the Town of Crawford (Honorable Raymond Latimer, Town of Crawford Justice) dated August 2, 2004, which after waiver by the respondents of hearings upon the felony complaints which were pending in said Justice Court against the respondents treated the respondents as "juvenile offenders" and removed the criminal proceedings to the Family Court pursuant to the authority granted by CPL 180.75[4] (see, also CPL 180.75[2]; Rodriguez v. Myerson, 69 AD2d 162; CPL 1.20[42]; Penal Law 10.00[18]; Penal Law 30.00[2]).
CPL 180.75[4] authorizes the removal to Family Court from the local criminal court of criminal proceedings against juvenile offenders for certain enumerated criminal offenses [*2]including "Criminal Sexual Acts in the First Degree" (Penal Law 130.50). Juvenile offenders are defined as persons being fourteen or fifteen years of age at the time of the alleged commission of the crime (CPL 1.20[42]; Penal Law 10.00[18]). Respondents had been charged by various accusatory felony and misdemeanor complaints filed on March 1, 2004 in the Justice Court with violating, when respondents were 15 years of age, Penal Law 130.50 as well as certain other lesser included offenses. It is alleged, and has not been disputed in any of the papers filed, that respondents met the qualifications to be denominated as juvenile offenders.
 Respondents allege in the instant motions seeking to dismiss the Family Court proceedings that on April 5, 2004, prior to the removal to the Family Court on August 2, 2004, the Justice Court had transmitted the pending criminal proceedings to the "superior court", i.e. County Court of Orange County, to await action of the grand jury (see,
CPL 180.75[2]). Respondents contend this divested the Justice Court of jurisdiction to later remove the criminal actions to the Family Court on August 2, 2004. In support of their contentions respondents submit a copy of a photostat of a document entitled "Divestiture to Superior Court (sec. 170 and sec. 180 CPL)" bearing the signature of the Clerk of the Justice Court, "Cathy Lucas". However, CPL 180.75[2] provides that, "Until such papers [i.e. felony complaint, supporting depositions, and all other 'pertinent documents'] are received by the superior court, the action is deemed to be still pending in the local criminal court." In answer to the motions to dismiss, the Assistant County Attorney prosecuting the petitions in Family Court represents that the foregoing necessary papers were never, in fact, transmitted to the County Court for the action of the grand jury and that, consequently, jurisdiction over the pending criminal proceedings remained in Justice Court at the time of the removal of the cases to Family Court. The Assistant County Attorney attaches to his affirmation a copy of an unsworn letter ostensibly from Cathy Lucas stating that she did not transfer the necessary papers to the County Court. There is no allegation or proof that the grand jury ever took any action with respect to the subject actions.
The plain meaning of the words used in the statute is that the subject criminal actions remained pending in Justice Court until transfer of the appropriate papers to the County Court (superior court) (CPL 180.75[2]). The conflicting representations on these motions present a controverted issue of material fact as to whether the required papers were transferred and, consequently, whether or not the Justice Court retained jurisdiction and, therefore, had the power to order removal of the actions to the Family Court when it issued such removal order which requires an evidentiary plenary hearing for determination.
The Family Court proceedings are presently scheduled for trial before the undersigned on November 19, 2004 at 11:00 A.M.[FN1]
Accordingly, it is
ORDERED that the evidentiary hearing with respect to whether the Justice Court had [*3]jurisdiction over the criminal proceedings at the time it transferred the cases to Family Court will immediately precede the scheduled hearing on the merits of the Family Court proceedings; and it is further
ORDERED that the trial(s) on the Family Court proceedings will abide the determination after the evidentiary hearing whether or not the Justice Court had jurisdiction over the proceedings at the time of their removal to Family Court; and it is further
ORDERED that the motion papers do not demonstrate dismissal of the proceedings in the interests of justice is appropriate and the request, therefore, is denied.
Dated: Goshen, NY E N T E R
 November 5, 2004
 _______________________________
 HON. DEBRA J. KIEDAISCH, J.F.C.

"Pursuant to section 1113 of the Family Court Act, an appeal must be taken within thirty days of receipt of the order by appellant in court, thirty-five days from the mailing of the order to the appellant by the clerk of the court, or thirty days after service by a party or law guardian upon the appellant, whichever is earliest."
TO:
Allan Y. Drian, Esq.
Orange County Department of Law
Orange County Courthouse
285 Main Street
Goshen, New York 10924
John Ingrassia, Esq.
Larkin, Axelrod, Ingrassia & Tetenbaum
Attorneys for M.G.
356 Meadow Avenue
Newburgh, New York 12550
Bruce D. Townsend, Esq.
Attorney for J.K.
26 Albany Ave.
Walden, New York 12586-1204
Footnotes

Footnote 1:The motion papers also raise issues with respect to demand for a bill of particulars which was made upon the County Attorney on August 31, 2004. The parties and their attorneys appeared before the undersigned on September 8, 2004 at which time the Family Court trial dates on the Family Court proceedings were fixed and opportunity presented to address any outstanding demands for pre-trial discovery which had not been met.